UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

---

Kim Baker, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

American Care Partners at Home, Inc.,

    Defendant.

Civil Action No. _____

---

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Kim Baker ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against American Care Partners at Home, Inc. ("Defendant"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff states the following for her claims against Defendant:

### OVERVIEW

1. Plaintiff brings claims to recover unpaid overtime compensation under the Fair Labor Standards Act. She brings these claims on her own behalf, and as a collective action on behalf of all current or former similarly situated home healthcare workers who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. As described below, Defendant misclassified Plaintiff and other similarly situated home healthcare workers as independent contractors and failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendant has violated the FLSA.

## THE PARTIES

**Plaintiff**

3. Plaintiff Kim Baker is an adult resident of the state of Virginia. Plaintiff worked for Defendant as a home healthcare worker, specifically a Certified Nursing Assistant ("CNA"), from approximately May 2014 to May 2016.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff Baker consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as **Exhibit A**. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff and those similarly situated are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

**Defendant**

6. Defendant American Care Partners at Home, Inc. is a Virginia corporation with its principal place of business in Falls Church, Virginia. Defendant is a home healthcare agency that provides in-home healthcare services for children and adults.

7. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

8. Upon information and belief, Defendant had a practice of unlawfully and improperly classifying its home healthcare workers, including Plaintiff and those similarly situated, as "independent contractors."

9. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce. 29 U.S.C. § 207.

## JURISDICTION & VENUE

11. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the Fair Labor Standards Act. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Eastern District of Virginia.

12. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

14. Plaintiff and those similarly situated worked for Defendant as home healthcare workers to provide companionship and related in-home care services for Defendant's clients.

15. From approximately May 2014, when Defendant hired Plaintiff, until the end of January 2015, Defendant classified Plaintiff as its employee.

16. Beginning January 30, 2015, however, Defendant unlawfully classified Plaintiff as an "independent contractor" in order to avoid its obligations to pay overtime under federal law. Defendant informed Plaintiff that she would be required to change her classification from "employee" to "independent contractor" if she wanted to continue to work over forty (40) hours per week going forward. In addition to unlawfully withholding overtime pay, Defendant also initiated its "independent contractor" misclassification scheme in order to improperly reap other

benefits, including reducing its tax liability, avoiding workers' compensation, and passing operating costs on to its workforce. Upon information and belief, Defendant implemented this unlawful "independent contractor" misclassification scheme across its workforce, including Plaintiff and those similarly situated.

17. Despite calling Plaintiff and those similarly situated "independent contractors," Defendant's home healthcare workers were and are, in fact, employees under federal law.

18. Plaintiff and those similarly situated worked for Defendant on a full-time and continuing basis, and did not advertise their services to the general public.

19. Plaintiff and those similarly situated were also subject to Defendant's direction and control regarding the manner in which they performed their work. For instance:

   a. Defendant required its home healthcare workers to follow Defendant's instructions, processes, and policies regarding the methods by which their work was to be completed.

   b. Defendant's home healthcare workers did not generate their own business. The clients for whom they provided care were individuals who had enrolled with Defendant to receive home care services.

   c. Defendant required its home healthcare workers to follow a "care plan," which outlined daily tasks to be completed during each shift. They were required to note the specific tasks completed each shift on the timesheets that were submitted to Defendant.

   d. Defendant required its home healthcare workers to record their hours worked each day on timesheets, which Defendant provided. Timesheets were required to be submitted to Defendant for approval and payment each pay period.

  e. Defendant determined the workers' hourly rates of pay.

  f. Defendant required its home healthcare workers to maintain Professional Liability Insurance as a condition of employment.

  g. Defendant required its home healthcare workers to communicate any changes in their work schedule/hours to Defendant, in advance of the changes.

  h. Defendant had the ability to discipline its home healthcare workers if they did not follow Defendant's policies and procedures.

  i. Defendant required its home healthcare workers to wear uniforms, which consisted of scrub pants and a scrub top.

20. Tellingly, after Defendant changed the classification of its home healthcare workers from "employee" to "independent contractor," Plaintiff did not experience any changes in the ways Defendant controlled her work. Through its policies, practices, and supervisors, Defendant continued to direct the work activity of Plaintiff and those similarly situated as if they were employees of Defendant.

21. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) hours in certain workweeks. During her employment with Defendant, Plaintiff's hours varied from week to week. However, Plaintiff often worked between approximately fifty (50) and sixty (60) (or more) hours per week. Upon information and belief, Defendant has also suffered and permitted other similarly situated home healthcare workers to regularly work more than forty (40) hours in certain workweeks.

22. Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for

all hours worked over forty (40) in a workweek, which is required by the FLSA, 29 U.S.C. § 207, Defendant paid them only "straight time" for overtime hours.

23. Defendant was aware that Plaintiff and those similarly situated performed worked overtime hours. Defendant coordinated Plaintiff's work schedule and required Plaintiff and those similarly situated to report their work hours via weekly timesheets, which routinely reflected overtime hours. As set forth above, Defendant improperly paid only straight time, not time and-a-half, for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. Plaintiff brings Count I of this action individually and on behalf and all similarly situated individuals. Plaintiff seeks certification of the following FLSA collective:

> All current or former home healthcare workers who have worked for Defendant from January 1, 2015 to the present.

26. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

27. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves, and also contains an exemption for live in domestic service workers. *See* 29 U.S.C. §§ 213(b)(21) and 213(a)(15). In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

28. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a). Accordingly, as of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

29. Since January 1, 2015, Plaintiff and those similarly situated have worked in excess of forty (40) hours per workweek for Defendant without receiving proper overtime compensation for their overtime hours worked.

30. As an example, for the two-week pay period ending on November 29, 2015, Defendant paid Plaintiff a regular rate of $11.50 per hour for the 112 hours she worked. No overtime wages were paid.

31. As a result of its unlawful classification of Plaintiff and those similarly situated as independent contractors, and its failure to pay them the overtime compensation required by law, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

32. Upon information and belief, Defendant is and was aware of its improper failure to pay overtime to Plaintiff and those similarly situated. This is evidence by the timing of Defendant's reclassification of Plaintiff and those similarly situated from "employee" to "independent contractor" in January 2015. The timing of this improper reclassification coincided with the change in the FLSA's regulations, which, as set forth above, provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements.

33. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

34. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

35. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

36. Defendant suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

37. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

38. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

39. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment that Plaintiff and those similarly situated are employees and are entitled to the overtime protections under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations of the FLSA were willful;

E. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

F. An award of any pre- and post-judgment interest;

G. An award of reasonable attorneys' fees and costs;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as may be necessary and appropriate.

Dated:  December 5, 2017

Respectfully Submitted:

_____
Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

and

Robert L. Schug*
schug@nka.com
Jason D. Friedman*
jfriedman@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

*To be admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFF AND
THOSE SIMILARLY SITUATED